Jeffrey B. Maltzman, CA Bar No. 131758
Edgar R. Nield, CA Bar No. 135018
Gabrielle De Santis Nield, CA Bar No. 110930
Rafaela P. Castells, CA Bar No. 290828
MALTZMAN & PARTNERS, P.A.
681 Encinitas Boulevard, Suite 315
Encinitas, CA 92024
Telephone: (760) 942-9880
Facsimile:  (760) 942-9882
jeffreym@maltzmanpartners.com
edn@maltzmanpartners.com
gabn@maltzmanpartners.com
rafaelac@maltzmanpartners.com

Attorneys for Defendant, PRINCESS CRUISE LINES, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA YUK WAH MA WONG, individually and as personal representative of the ESTATE OF RONALD WONG, BENJAMIN WONG, individually, and the ESTATE OF RONALD WONG,<br><br>Plaintiff,<br><br>vs.<br><br>CARNIVAL CORPORATION & PLC, a Bermuda Corporation, and PRINCESS CRUISE LINES, LTD., CARNIVAL CORP., a Bermuda Corporation,<br><br>Defendants. | CASE NO.: 2:20-CV-04727-RGK-SK<br><br>**DEFENDANT PRINCESS CRUISE LINES, LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date: August 31, 2020<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850<br><br>Magistrate: Hon. Steve Kim<br>Filed: 05/28/2020 |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................1

II.  LEGAL STANDARD .........................................................................................2

III. MEMORANDUM OF LAW ...............................................................................2

    A.   Federal Maritime Law Applies to Plaintiffs' Claims..............................2

    B.   The Complaint Violates Rule 8(a) ..........................................................3

    C.   Plaintiffs Have Not Alleged Sufficient Facts to Establish Standing to Bring a Wrongful Death Claim ............................................6

    D.   Plaintiffs Lack Standing to Seek Injunctive Relief.................................8

V.   CONCLUSION .................................................................................................10

# TABLE OF AUTHORITIES

Cases

*Alcabasa v. Korean Air Lines Co., Ltd.,* 62 F.3d 404 (D.C. Cir. 1995) ...................... 7

*Almarou v. Robbins,* 2019 WL 7945592 (C.D. Cal. Nov. 5, 2019) ........................... 8

*Anderson v. District Board of Trustees,* 77 F.3d 364 (11th Cir.1996) ...................... 5

*Appalachian Enters., Inc. v. ePayment Solutions, Ltd.*, 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) ................................................................................................ 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................... 2, 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................... 2, 3

*Bodden v. American Offshore, Inc*., 681 F.2d 319 (5th Cir.1982) ............................ 6

*Brigg v. Walker,* 171 U.S. 466 (1898) ....................................................................... 7

*Byrd v. Guess*, 137 F.3d 1126 (9th Cir. 1998) .......................................................... 8

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) ..................... 9

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) ............................................... 9

*D'Lil v. Best Western Encina Lodge & Suites,* 538 F.3d 1031 (9th Cir. 2008) ......... 8

*DeSisto College, Inc. v. Line*, 888 F.2d 755 (11th Cir. 1989) ................................... 4

*Destfino v. Kennedy*, 2008 WL 4810770 (E.D. Cal. Nov. 3, 2008) ........................... 5

*Dunson v. Cordis Corp.*, 2016 WL 3913666 (N.D. Cal. July 20, 2016) .................... 5

*Estrada v. Caliber Home Loans, Inc.*, 172 F. Supp. 3d 1108 (C.D. Cal. 2016) ......... 4

*Fagbohunge v. Caltrans*, 2014 WL 644008 (N.D. Cal. Feb. 19, 2014) ...................... 5

*Helman v. Alcoa Global Fasteners, Inc*., 843 F. Supp. 2d 1038 (C.D. Cal. 2011) ..... 6

*In re Air Crash Disaster Off Coast of Nantucket Island, Massachusetts on October 31, 1999,* 2010 WL 1221401 (E.D.N.Y. Mar. 29, 2010) ................................. 7

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995) .. 3

*Levay Brown v. AARP, Inc.*, 2018 WL 5794456 (C.D. Cal. Nov. 2, 2018) ................ 9

*Lujan v. Defs. of Wildlife,* 504 U.S. 555 (1992) .................................................... 8, 9

*Makaron v. GE Sec. Mfg., Inc.*, 2014 WL 12614468 (C.D. Cal. July 31, 2014) ........ 4

*Markman v. Leoni*, 2010 WL 8275829 (C.D. Cal. Nov. 3, 2010) ............................. 4

*Mason v. County of Orange,* 251 F.R.D. 562 (C.D.Cal.2008) .................................. 5

MALTZMAN & PARTNERS
681 ENCINITAS BOULEVARD, SUITE 315
ENCINITAS, CA 92024
TELEPHONE: (760) 942-9880 FAX: (760) 942-9882

*Min Sook Shin v. Umeken USA, Inc.*, 773 F. App'x 373 (9th Cir. 2019) .................... 9

*Newman v. OneWest Bank, FSB*, 2010 WL 797188 (C.D. Cal. Mar. 5, 2010) ........... 4

*Nicholson v. City of Los Angeles*, 935 F.3d 685 (9th Cir. 2019) ................................ 8

*Sollberger v. Wachovia Securities LLC*, 2010 WL 2674456 (C.D. Cal. June 30, 2010) .......................................................................................................................... 5

*Spindler v. California*, 2020 WL 2559442 (C.D. Cal. Jan. 20, 2020) ......................... 5

*Stanislaus Food Products Co. v. USS-POSCO Industries*, 2010 WL 3521979 (E.D. Cal. Sept. 3, 2010) ...................................................................................................... 5

*Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) ..................................................... 8

*Taghadomi v. United States*, 401 F.3d 1080 (9th Cir. 2005) ...................................... 3

*Tatum v. City and County of S.F.*, 441 F.3d 1090 (9th Cir. 2006) ............................. 7

*ThinkBronze, LLC v. Wise Unicorn Ind. Ltd.*, 2013 WL 12120260 (C.D. Cal. Feb. 7, 2013) .......................................................................................................................... 4

*Wilkinson v. Carnival Cruise Lines, Inc.,* 920 F.2d 1560 (11th Cir. 1991) ................ 3

*Williams v. United States*, 711 F.2d 893 (9th Cir.1983) ............................................. 3

## Statutes

46 U.S.C.A. §30302 ....................................................................................................... 6

## Rules

Fed R Civ Pro 8(a) ................................................................................................ 1, 3, 4

Fed. Rule Civ Pro 12(b)(1) ........................................................................................... 8

Fed. Rule Civ Pro 12(b)(6) ........................................................................................... 2

L.R. 7-3 ........................................................................................................................... 1

## Codes

Cal. Civ. Proc. §377.32 .................................................................................................. 7

MALTZMAN & PARTNERS
681 ENCINITAS BOULEVARD, SUITE 315
ENCINITAS, CA 92024
TELEPHONE: (760) 942-9880 FAX: (760) 942-9882

Defendant, PRINCESS CRUISE LINES, LTD. ("PRINCESS") hereby files this Motion to Dismiss the Complaint filed by Plaintiffs herein. For the reasons set forth below, Plaintiffs' Complaint should be dismissed. This motion is made following several conferences of counsel pursuant to L.R. 7-3 which took place on June 9, 2020 and July 9, 2020.

## I.     INTRODUCTION

Plaintiffs Eva Yuk Wah Ma Wong (hereafter "Eva Wong"), the Estate of Ronald Wong, and their son Benjamin Wong bring a maritime tort case relating to Eva and Ronald Wong's cruise aboard the *Grand Princess* beginning on February 21, 2020. (Compl. ¶ 2.) Decedent Ronald Wong is alleged to have died as a result of contracting COVID-19. (Compl. ¶92.) The Complaint contains a negligence count and survivor cause of action. Plaintiffs name PRINCESS CRUISE LINES, LTD. (hereafter "PRINCESS") and CARNIVAL CORPORATION & PLC (hereafter "CARNIVAL") as Defendants. Plaintiffs allege "PRINCESS and CARNIVAL advertised, marketed, sold, and profited (directly or indirectly) from, and controlled and operated the cruise ship *Grand Princess*," and that "Defendants, and/or each of them, disregarded … crucial information" (Compl. ¶¶ 15, 48.)

The Complaint against PRINCESS should be dismissed for the following reasons: First, in violation of the pleading standards of Federal Rule of Civil Procedure 8(a), Plaintiffs improperly lump PRINCESS and CARNIVAL together as a single entity, referring to them throughout the Complaint simply as "Defendants." Plaintiffs improperly ascribe all the alleged duties and all the alleged breaches to all the parties under the generalized rubric of "Defendants" without distinguishing among the separate entities who owes what duties or who is alleged to have committed which purported act or omission. This defect is more than a semantic one and makes it impossible for each Defendant to determine which allegations are alleged against it versus the other Defendants. Additionally, Plaintiffs' Complaint is an impermissible shotgun pleading that runs afoul of Rule 8's pleading requirement.

1

This independent basis for dismissal deprives Defendants of knowing exactly what they are accused of doing wrong.

Second, Plaintiffs have failed to plead sufficient facts to establish standing to bring a death claim under either the Death on The High Seas Act ("DOHSA") or California law. Plaintiffs have pled no fact to establish that Eva Wong or Benjamin Wong have been appointed the personal representative of the Estate of Ronald Wong, and have failed to attach the declaration required pursuant to California law.

Finally, Plaintiffs also lack standing to seek an injunction that would require PRINCESS to take certain actions going forward, as there is no plausible allegation that these Plaintiffs will return to take another cruise, let alone that any of Defendants' future acts will cause them injury. As set forth below, the Court should dismiss the Complaint and Plaintiffs' claims against PRINCESS.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

## III.   MEMORANDUM OF LAW

### A. Federal Maritime Law Applies to Plaintiffs' Claims

As Plaintiffs acknowledge by invoking this Court's Admiralty jurisdiction, Federal maritime law applies to Plaintiffs' claims.[1] (Compl. ¶ 19.) Maritime law

---

[1] Plaintiffs' Passage Contract applicable to their voyage similarly invokes maritime

2

DEFENDANT'S MOTION TO DISMISS                                     2:20-CV-04727-RGK-SK

applies when "(1) the alleged wrong occurred on or over navigable waters, and (2) the wrong bears a significant relationship to traditional maritime activity." *Williams v. United States*, 711 F.2d 893, 896 (9th Cir.1983). "'[V]irtually every activity involving a vessel on navigable waters" is a "traditional maritime activity sufficient to invoke maritime jurisdiction." *See Taghadomi v. United States*, 401 F.3d 1080, 1087 (9th Cir. 2005) ((quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 542 (1995))); *Wilkinson v. Carnival Cruise Lines, Inc.,* 920 F.2d 1560, 1654 n. 10 (11th Cir. 1991) ("In maritime tort cases such as this one, in which injury occurs aboard a … ship upon navigable waters, federal maritime law governs the substantive legal issues.").

### B. The Complaint Violates Rule 8(a)

As currently articulated, Plaintiffs' Complaint makes it impossible for PRINCESS to determine which claims are directed to PRINCESS, and which acts or omissions Plaintiffs ascribe to CARNIVAL. Despite admitting that PRINCESS and CARNIVAL are separate corporate entities (Compl. ¶¶ 13-14), Plaintiffs refer to them interchangeably as "Defendants" throughout the Complaint, without differentiating what actions were taken by which entity.[2] For example, "Defendants, and/or each of them, disregarded … crucial information" (Compl. ¶ 48), or their bare statement that "Carnival and Princess, and/or each of them, participate in the marketplace as common carriers" (*id.* ¶ 88). No particular "Defendant" is ever specified for any claimed act. Plaintiffs' misuse of the euphemism "Defendants" is a violation of the federal pleading rules set forth in in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). *See also e.g.*,

---

law. *See*, https://www.princess.com/legal/passage_contract/plc.html at Section 1.

[2] Plaintiffs preface these generalized allegations with a boilerplate statement that "at all times hereto, PRINCESS and CARNIVAL advertised, marketed, sold, and profited (directly or indirectly) from, and controlled and operated the cruise ship *Grand Princess*." (Compl. ¶ 15.)

3

DEFENDANT'S MOTION TO DISMISS         2:20-CV-04727-RGK-SK

*Makaron v. GE Sec. Mfg., Inc.*, 2014 WL 12614468, at *3 (C.D. Cal. July 31, 2014) ("Undifferentiated pleading against multiple defendants is improper.")

This practice of "lumping" together the actions of all defendants violates Rule 8 of the Federal Rules of Civil Procedure. *Newman v. OneWest Bank, FSB*, 2010 WL 797188, at *5 (C.D. Cal. Mar. 5, 2010) ("Plaintiffs' allegations fail to meet the basic pleading requirements of Rule 8(a)" when "they lump all of the defendants together."); *Markman v. Leoni*, 2010 WL 8275829, at *9 (C.D. Cal. Nov. 3, 2010), *report and recommendation adopted,* 2012 WL 83721 (C.D. Cal. Jan. 5, 2012) ("Plaintiff may not simply lump defendants together but must make specific factual allegations as to each."); *DeSisto College, Inc. v. Line*, 888 F.2d 755, 761 (11th Cir. 1989). A complaint runs afoul of Rule 8 by "lump[ing] all the defendants together and fail[s] to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong." *Appalachian Enters., Inc. v. ePayment Solutions, Ltd.*, 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004).

Plaintiffs fail to articulate what alleged acts or duties are attributable to PRINCESS and what alleged acts or duties are attributable to CARNIVAL. *See Petrovic v. Princess Cruise Lines, Ltd.*, Case No.: 12-21588-Civ-Altonaga/Simonton, at *9 (S.D. Fla. July 20, 2012) ("Plaintiff's 'grouping' of Defendants in the Complaint creates confusion ... it is not for the Court or the parties to 'speculate as to the identity of the Defendants these allegations are levied against as the burden rests on the plaintiff[]'"). When faced with such a Complaint, "district courts in California routinely hold that undifferentiated pleading against multiple defendants does not meet Rule 8 pleading requirements." *ThinkBronze, LLC v. Wise Unicorn Ind. Ltd.*, 2013 WL 12120260, at *10 n.59 (C.D. Cal. Feb. 7, 2013). Courts have granted dismissal, for example, when a "complaint persistently made allegations against 'Defendant' without distinguishing which of the two defendants the allegation is against." *Estrada v. Caliber Home Loans, Inc.*, 172 F. Supp. 3d 1108, 1117 (C.D. Cal. 2016); *see also, e.g.*, *Dunson v. Cordis Corp.*, 2016 WL

4

3913666, at *3 (N.D. Cal. July 20, 2016) (complaint "facially insufficient" because "Plaintiffs lump defendants Cordis and Confluent in an undifferentiated group for each cause of action"); *Fagbohunge v. Caltrans*, 2014 WL 644008, at *3 n.4 (N.D. Cal. Feb. 19, 2014) (a "general allegation regarding 'defendants' is … insufficient on its face because it does not identify which specific defendants …. Plaintiff's complaint must differentiate between each of the defendants and clearly state the factual basis for each cause of action as to each specific defendant.").

Plaintiffs' Complaint additionally violates Rule 8 by incorporating, in each of their claims, all of the previous paragraphs in the entire Complaint. (*See* Compl. ¶100). This practice of "shotgun" pleading has similarly been rejected. *See Spindler v. California*, 2020 WL 2559442, at *5 (C.D. Cal. Jan. 20, 2020); *Stanislaus Food Products Co. v. USS-POSCO Industries*, 2010 WL 3521979, at *31 n.16 (E.D. Cal. Sept. 3, 2010) ("Allegations, however, which incorporate each preceding paragraph, regardless of relevancy, are not permitted."); *Destfino v. Kennedy*, 2008 WL 4810770, at *3 (E.D. Cal. Nov. 3, 2008), *aff'd*, 630 F.3d 952 (9th Cir. 2011) ("This practice [of wholesale incorporation of prior allegations] has been harshly criticized as a form of 'shotgun pleading' which violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice."); *Sollberger v. Wachovia Securities LLC*, 2010 WL 2674456, at *4-5 (C.D. Cal. June 30, 2010) (shotgun pleading whereby each count incorporates every antecedent allegation by reference "deprives Defendants of knowing exactly what they are accused of doing wrong," and "alone warrants dismissal"). "The Court has recognized that allowing shotgun pleadings would lead to many negative consequences." *See Sollberger,* 2010 WL 2674456, at *4; *see also Mason v. County of Orange,* 251 F.R.D. 562, 563–64 (C.D.Cal.2008) (quoting *Anderson v. District Board of Trustees,* 77 F.3d 364, 366–67 (11th Cir.1996)) ("[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer,

and society loses confidence in the court's ability to administer justice."). Here Plaintiffs' incorporation of all preceding paragraphs and lumping of all Defendants violates Rule 8's pleading requirements and therefore warrants dismissal.

### C. Plaintiffs Have Not Alleged Sufficient Facts to Establish Standing to Bring a Wrongful Death Claim

Plaintiffs have failed to plead the required facts to establish standing for a wrongful death claim under any legal schema. Plaintiffs have not pled sufficient facts to establish that Eva Wong or Benjamin Wong were appointed the personal representative of the Estate of Ronald Wong, as required by DOHSA and have failed to attach the documents required by California law.

DOHSA provides that only "the personal representative of the Decedent may bring a civil action in admiralty against the person or vessel responsible," and that such action "shall be for the exclusive benefit of the Decedent's spouse, parent, child, or dependent relative." 46 U.S.C.A. §30302. "By authorizing only certain surviving relatives to recover damages, and by limiting damages to the pecuniary losses sustained by those relatives, Congress provided the *exclusive recovery* for deaths that occur on the high seas." *Helman v. Alcoa Global Fasteners, Inc.*, 843 F. Supp. 2d 1038, 1041 (C.D. Cal. 2011) (internal citations omitted); *See also Bodden v. American Offshore, Inc.*, 681 F.2d 319, 329 (5th Cir.1982); *Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, 123, 118 S.Ct. 1890, 141 L.Ed.2d 102 (1998). A "personal representative is by definition a court-appointed executor or administrator of an estate, not merely an heir." *Helman v. Alcoa Global Fasteners, Inc.*, 843 F. Supp. 2d 1038, 1042 (C.D. Cal. 2011) (internal citations and quotations omitted). In *Helman*, the court deemed plaintiffs who alleged standing as "individuals," as "successors-in-interest" and through their "guardian ad litem" lacked standing to bring DOHSA claims. Courts have uniformly recognized, a "personal representative" is an individual "empowered by law to administer the decedent's estate." *In re Air Crash Disaster Off Coast of Nantucket Island, Massachusetts on*

*October 31, 1999,* No. MD-00-1344 (BMC), 2010 WL 1221401, *5 (E.D.N.Y. Mar. 29, 2010); *see also Alcabasa v. Korean Air Lines Co., Ltd.,* 62 F.3d 404, 407 (D.C. Cir. 1995) ("[A] 'personal representative' is by definition a court-appointed executor or administrator of an estate, not merely an heir," citing *Brigg v. Walker,* 171 U.S. 466 (1898)).

Here, Plaintiffs have not alleged that either Eva or Benjamin Wong have been appointed the personal representative of the Estate of Ronald Wong.[3] Plaintiffs pled that both Eva and Benjamin Wong are "a proper personal representative and heir," yet they conspicuously avoid pleading that either has been appointed as the Personal Representative of the Estate of Ronald Wong. (Compl. ¶¶ 10-12.) Eva Wong alleges to have "served as representative of the ESTATE OF MR. WONG," however this too falls short of alleging that Eva Wong is or has been appointed the Personal Representative of the Estate of Ronald Wong. (Compl. ¶ 101.) As neither Eva nor Benjamin Wong allege they have been appointed as the Personal Representative of the Estate of Ronald Wong, there is not enough to support standing for the purpose of bringing a DOHSA claim on behalf of the Estate of Ronald Wong.

Standing is also lacking even if DOHSA does not apply. "Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law." *Tatum v. City and County of S.F.*, 441 F.3d 1090, 1094, n.2 (9th Cir. 2006). To satisfy California's requirements, a plaintiff must submit an affidavit or declaration attesting to the fact that they are the decedent's successor in interest and attach the decedent's death certificate. Cal. Civ. Proc. §377.32; *see also Almarou v. Robbins,* 2019 WL 7945592, at *2 (C.D. Cal.

---

[3] While the styling of the case suggests that both Eva and Benjamin Wong are the personal representatives of the Estate of Ronald Wong, Plaintiffs have not alleged that either Eva or Benjamin Wong have been appointed the Personal Representative of the Estate of Ronald Wong.

Nov. 5, 2019). A plaintiff bears the burden of demonstrating that they meet the requirements for bringing a survival action. *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998), *overruled on other grounds by Nicholson v. City of Los Angeles*, 935 F.3d 685, 696 (9th Cir. 2019); *see also Almarou,* 2019 WL 7945592, at *2.

The Complaint does not incorporate (and Plaintiffs have not submitted) the required affidavits or declarations delineated above. Plaintiffs have merely alleged that Eva Wong "is authorized as successor in interest with respect to his interest in the property that was damaged, lost, or destroyed..." (Compl. ¶ 101). Defendant and the Court are left to speculate who "authorized" Eva Wong as a successor in interest for the limited purposes delineated in the Complaint. The Complaint thus does not allege sufficient facts to establish standing to bring a wrongful death claim on behalf of Ronald Wong. For the foregoing reasons, the claims on behalf of Ronald Wong's Estate should be dismissed without prejudice or stayed with leave to amend once Plaintiffs can establish that either Eva Wong, Benjamin Wong, or someone else has standing to bring such claims.

### D. Plaintiffs Lack Standing to Seek Injunctive Relief

Plaintiffs' request for injunctive relief must be dismissed under Rule 12(b)(1) because Plaintiffs lack Article III standing to seek prospective relief. Plaintiffs bear the burden of establishing standing to invoke federal subject matter jurisdiction. *See D'Lil v. Best Western Encina Lodge & Suites,* 538 F.3d 1031, 1036 (9th Cir. 2008). To satisfy Article III's "case or controversy" requirement, a plaintiff must establish (1) an injury-in-fact that is (2) fairly traceable to the challenged action of the defendant and (3) redressable by a favorable ruling from the court. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992). Critically, a plaintiff must show "that he has standing for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). For injunctive relief—a prospective remedy—the plaintiff must face a threat of *future* injury. *Id.* That threat must be "actual and imminent, not conjectural or hypothetical." *Id.* In other words, the "threatened injury must be

*certainly impending* to constitute injury in fact" and "allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis added). And it must be true that "injunctive relief will vindicate the rights of the particular plaintiff," not merely "the rights of third parties" who in the future may find themselves in a position similar to the plaintiff. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011).

Under these principles, Plaintiffs have no standing to obtain injunctive relief. All four components of the injunction that Plaintiffs seek relate to Defendants' future business conduct. However, being a past customer does not provide standing to enjoin a business's conduct going forward. Rather, Plaintiffs would need to plausibly allege not only that one of them *will* (not simply *might*) travel on a vessel operated by one of the Defendants in the future, but also that, when they do so, Defendants' conduct would be "*certain*[]" to cause them injury. *Clapper*, 568 U.S. at 409. Courts deny standing even when a plaintiff alleges an "intent to purchase" from the defendant in the future; "profession of an intent … is simply not enough." *Levay Brown v. AARP, Inc.*, 2018 WL 5794456, at *3 (C.D. Cal. Nov. 2, 2018) (quoting *Lujan*, 504 U.S. at 565). Likewise, a plaintiff's "'some day' intentions—without any description of concrete plans or indeed any specification of when the some day will be—do not support a finding of … 'actual or imminent' injury.'" *Id.*

The Complaint does not even allege a "some day intention[]," let alone future injury that is certainly impending. There is no allegation that Plaintiffs intend to travel on a cruise ship owned or operated by any of the Defendants. Indeed, given the experiences that Plaintiffs allege in the Complaint, any such allegation would be utterly implausible. *See, e.g.*, *Min Sook Shin v. Umeken USA, Inc.*, 773 F. App'x 373, 375 (9th Cir. 2019) (plaintiff lacked standing to enjoin deceptive advertising for supplements he alleged were "worthless). Thus even if Plaintiffs plausibly alleged that they are certain to take another cruise on a vessel owned or operated by any of the Defendants, there is no plausible allegation Defendants would act

negligently so as to harm Plaintiffs in the way they allege to have been harmed in the past. Plaintiffs' request for injunctive relief should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its motion and dismiss this case[4].

DATED: July 10, 2020                          MALTZMAN & PARTNERS

By:   *s/ Jeffrey B. Maltzman*
      Jeffrey B. Maltzman
      Rafaela P. Castells
      Edgar R. Nield
      Gabrielle De Santis Nield
      *Attorneys for Defendant,*
      *Princess Cruise Lines Ltd.*

---

[4] Defendant reserves the right to address Plaintiffs' claim for punitive damages at a later time.